T.C. Memo. 2010-179

UNITED STATES TAX COURT

GARY KONRAD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9844-09.　　　　　　　Filed August 9, 2010.

Gary Konrad, pro se.

<u>Monica E. Koch</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:　In a notice of deficiency respondent
determined a $3,300 deficiency in petitioner's 2007 Federal
income tax.　After a concession by respondent,[1] the issues for

---

　[1] Respondent concedes that petitioner is entitled to claim
his daughter as a dependent.　Therefore, the amount of the
deficiency remaining in controversy is $1,850.

decision are whether petitioner is entitled to a dependency exemption deduction and a child tax credit for his son.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York when the petition was filed.

Petitioner was married to Theresa Konrad (Ms. Konrad) until November 13, 2000. Petitioner and Ms. Konrad had four children, A.K.,[2] C.K., S.L.K., and L.W.K., born in 1984, 1986, 1992, and 1995, respectively.

On November 13, 2000, the Supreme Court of the State of New York entered a Judgment of Divorce (judgment) dissolving the Konrads' marriage. The judgment incorporated the Open Court Stipulation (stipulation) contained within the transcript of the divorce proceedings. The court awarded Ms. Konrad sole custody of all four children; petitioner was awarded visitation rights.

---

[2] It is the practice of the Court to refer to a minor by his or her initials. See Rule 27(a)(3).

According to the stipulation upon which petitioner relies: "In the event Mrs. Konrad obtains full-time employment, Mr. Konrad and Mrs. Konrad will split the deductions with Mr. Konrad taking * * * [A.K. and S.L.K.] and Mrs. Konrad taking * * * [C.K. and L.W.K.] as tax deductions."[3] On petitioner's Form 1040, U.S. Individual Income Tax Return, for 2007, dated February 19, 2008, he claimed both S.L.K. and L.W.K. as dependents. The remaining two children were not claimed. Relying on the stipulation, petitioner claimed S.L.K and L.W.K. because Ms. Konrad admitted to working only 2 or 3 days a week. Neither petitioner nor Ms. Konrad signed the judgment or the stipulation. Instead, the court reporter signed the stipulation, and the trial judge signed the judgment. Petitioner failed to attach to his 2007 return Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other document that conforms to its substance.

While respondent conceded that petitioner was entitled to claim a dependency exemption deduction for S.L.K., he disallowed the deduction for L.W.K. Respondent disallowed petitioner's

---

[3] The stipulation is ambiguous. We presume, however, that the arrangement contemplated in the stipulation was that petitioner would claim all four children as dependents unless Ms. Konrad secured full-time employment, in which case petitioner would claim only A.K. and S.L.K. Regardless of any existing ambiguity, petitioner's claim fails to satisfy the requirements of sec. 152(e)(2) for the reasons stated herein. Therefore, the dependency exemption deduction must be disallowed.

dependency exemption deduction and child tax credit because "another taxpayer has also claimed" L.W.K. and "there is no stipulation specifying in what circumstances * * * [petitioner] would be able to claim" L.W.K.

OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

I. Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. A qualifying child must meet four requirements for the taxpayer to qualify for the deduction. Sec. 152(c). The pertinent factor here is the residence requirement: the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. Sec. 152(c)(1)(B).

During 2007 L.W.K. resided with Ms. Konrad. Thus, L.W.K. did not have the same principal place of abode as petitioner for

more than one-half of the taxable year and is not petitioner's qualifying child under section 152(c). See sec. 152(c)(1)(B).

A qualifying relative must satisfy four requirements for the taxpayer to qualify for the deduction. Sec. 152(d). The two pertinent requirements are that the taxpayer must provide over one-half of the individual's support for the taxable year, and the individual must not be a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1)(C) and (D).

Petitioner has not substantiated the amount of L.W.K.'s support from all sources in 2007. In addition, petitioner has not established that L.W.K. was not a qualifying child of any other taxpayer (e.g., Ms. Konrad) for 2007. See sec. 152(d)(1)(D). L.W.K., therefore, is not petitioner's qualifying relative under section 152(d).

Section 152(e)(1), however, provides a special rule whereby a noncustodial parent may be entitled to claim a dependency exemption deduction for a child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), and the so called tie-breaking rule of section 152(c)(4). A child will be treated as the noncustodial parent's qualifying child or qualifying relative if the following five requirements are met.

• Support.--The child receives over one-half of child's support during the calendar year from the child's parents. Sec. 152(e)(1)(A).

• Parents.--The parents are divorced or legally separated under a decree of divorce or separate maintenance, are separated under a written separation agreement, or live apart at all times during the last 6 months of the calendar year. Id.

• Custody.--The child is in the custody of one or both parents for more than one-half of the calendar year. Sec. 152(e)(1)(B).

• Custodial Parent Releases Claim to Exemption.--The custodial parent signs a written declaration (in such manner and form as the Secretary may prescribe) that the custodial parent will not claim the child as a dependent for the taxable year. Sec. 152(e)(2)(A).

• Noncustodial Parent Attaches Release to Return.--The noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year. Sec. 152(e)(2)(B).

One of the essential elements for conforming to the form and substance of Form 8332 is the custodial parent's signature on the release of the dependency exemption to the noncustodial parent. See Miller v. Commissioner, 114 T.C. 184, 190 (2000) (stating

that "Satisfying the signature requirement is critical to the successful release of the dependency exemption").  The signature of another party, including the presiding judge or the parties' attorneys, is insufficient.  <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97 (stating that "Section 152(e)(2) and the corresponding regulations require, unequivocally, that the signature of the custodial parent be attached to the return of a noncustodial parent claiming a dependency exemption"); see also <u>Miller v. Commissioner</u>, <u>supra</u> at 192-194.  Only the custodial parent's signature will suffice.  <u>Miller v. Commissioner</u>, <u>supra</u> at 195-196.

The stipulation and the judgment petitioner submitted do not conform to the form and substance of Form 8332.  Petitioner failed to procure Ms. Konrad's signature on either the stipulation or the judgment.  When petitioner later attempted to procure Ms. Konrad's signature on Form 8332, Ms. Konrad refused.  The signatures of the judge and the clerk from the divorce proceeding are not adequate substitutes for Ms. Konrad's signature.  Thus, without her signature on a form that releases her claim to the dependency exemption deduction, petitioner failed to satisfy section 152(e)(2)(A) and may not claim L.W.K. for the purpose of receiving the exemption.

Petitioner also fails to satisfy section 152(e)(2)(B), which provides that the written declaration must be attached to the

return for that taxable year.  Petitioner admits he did not attach Form 8332 or any other document to his 2007 return.

Accordingly, L.W.K. is not treated as petitioner's qualifying child or qualifying relative under section 152(e)(1).

## II. Child Tax Credit

A taxpayer may claim a child tax credit for "each qualifying child".  Sec. 24(a).  A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).

Because we have determined L.W.K. is not petitioner's qualifying child under section 152(c) nor treated as such under section 152(e), petitioner is not entitled to the child tax credit for L.W.K.

We are not unsympathetic to petitioner's position.  We also realize that the statutory requirements may seem to impose harsh results on taxpayers, such as petitioner, who believe they are entitled to claim the dependency exemption deductions or child tax credits under the conditions of a divorce decree.  However, we are bound by the statute as it is written.  Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310.

To reflect the foregoing,

Decision will be entered

under Rule 155.